IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR169** |
| Plaintiff, | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **ALEJANDRO FRANCO-DELGADILLO,** | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing Nos. 46, 49).  *See* Order on Sentencing Schedule, ¶ 6.  The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 23 (destructive device), 24 (possession in connection with another felony offense), 47 and 48 (spellings) and 61 (cash on hand).

The plea agreement includes a provision pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) stating in pertinent part that "the parties agree that the defendant's total [sic][1] offense level, before acceptance of responsibility, shall be 20."  The PSR assesses a base offense level of 18, a 2-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(3)(B) (offense involving a destructive device), a 4-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) (use or possession of a firearm or ammunition in connection with

---

[1] The "adjusted" offense level is reached prior to the determination of acceptance of responsibility.

another felony offense), an adjusted offense level of 24; and a total offense level of 21 after a 3-level downward adjustment for acceptance of responsibility.

## ¶ 23 - Destructive Device

The Defendant objects to ¶ 23, which includes the 2-level enhancement pursuant to § 2K2.1(b)(3)(B) because the offense involved a "destructive device." The PSR provides that the Defendant possessed "a rifle having a barrel less than 16 inches in length, which is a destructive device." The guidelines refer to 26 U.S.C. § 5845(f) to define "destructive device." A "destructive device" is, in pertinent part:

> any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes

26 U.S.C.A. § 5845(f).[2]

The Court's tentative finding is that the firearm in question is not a "destructive device" within the meaning of the guidelines, and the Defendant's objection is granted.

## ¶ 24 - Possession in Connection With Another Felony Offense

The PSR provides that 4.5 grams of methamphetamine were found during the Defendant's arrest and that this amount would lead to a charge of a Class IV felony in the State of Nebraska. The PSR also states that the Defendant made some admissions to law enforcement with respect to his drug use during the preceding four years, the frequency

---

[2]The Court notes that a "firearm" is defines in part as a shotgun having a barrel less than 18 inches in length. 26 U.S.C. § 5845(a). It is possible that the probation officer relied on the § 5845(a) rather than § 5845(f).

of his use during the preceding two years, and his lack of sobriety due to methamphetamine use during the five days preceding his arrest. (PSR, ¶ 24.)

The guidelines define "felony offense" for purposes of § 2K2.1(b)(5) as "any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." U.S.S.G. § 2K2.1 app. n. 4.

The Defendant's argument is that the parties' plea agreement was reached based on the assumption that the Defendant's base offense level would be determined under U.S.S.G. § 2K2.1(a)(4)(B). The Defendant then argues that simple possession of the stated amount of methamphetamine would lead to a misdemeanor, as opposed to a felony, charge under federal law. The Defendant then contends that because the United States Attorney elected to assume the prosecution of this former state case under *Booker* any related conduct must be determined by federal, as opposed to state, law. The Defendant also engages in a "double-counting" argument.

The guideline commentary's definition of "felony offense" clearly states that the Court may look to federal, state, or local law. Therefore, the Court is not convinced by the Defendant's argument that this issue should be resolved by looking to federal law. The remaining arguments will be addressed at sentencing in conjunction with a discussion of the discrepancy between the Rule 11(c)(1)(C) plea agreement and the PSR. The government bears the burden of proof by a preponderance of the evidence to the extent that the discussion relates to proving the enhancement in ¶ 24.

### ¶¶ *47, 48 - Spellings of Names*

The Defendant states that these paragraphs contain misspellings of the Defendant's girlfriend and mother of his children. As the concern relates to potential difficulties with visitation within the Bureau of Prisons ("BOP") facility, the objection is granted. The Probation Officer is directed to make appropriate changes before sending the PSR to the BOP.

### ¶ *61 - Cash on Hand*

The Defendant argues that this amount significantly overstates his liquid funds, and he asks that it be changed. Given that the Defendant is indigent and has a negative net worth, the Court does not envision imposing any monetary penalties. This matter does not affect the guideline calculation and appears unimportant for BOP purposes. Therefore, the objection is denied.

IT IS ORDERED:

1. The Court's Tentative Findings are that the Defendant's Objections to the Presentence Investigation Report (Filing Nos. 46 and 49) are granted in part and denied in part as follows:

    a. The Defendant's objections to ¶¶ 23, 47 and 48 are granted;

    b. The Defendant's objection to ¶ 61 is denied;

2. The Defendant's objection to ¶ 24 and the related discrepancy between the Rule 11(c)(1)(C) plea agreement and the PSR will be discussed at sentencing;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4.	If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5.	Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

6.	Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 26th day of January, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge